[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The issue appears to be whether the plaintiff, Mrs. Gallo-Mure, had continued access to the rear of her property at 15 Annawon Avenue, West CT Page 8577 Haven. The defendants note the testimony of Mr. O'Bymachow, a surveyor who indicated the existence of a fence along the entire rear boundary of 15 Annawon Avenue, as well as the existence of fence posts along the westerly boundary of 183 Ocean Avenue.
While the court does not dispute this testimony, it gave greater weight to the testimony of Robert Squeglia and Mrs. Bonfiglio, previous owners of 183 and 185 Ocean Avenue respectively. Mr. Squeglia resided at 183 Ocean Avenue for more than 40 years. He inherited the property in 1979 and sold the same in 1996. His testimony was that he saw her using the common driveway to gain access to her property and that he never objected to her use of the property.
Mrs. Bonfiglio was a previous owner of 185 Ocean Avenue. She moved in 1995 but owned the property for the previous 20 years. She testified that she saw the plaintiff using the driveway to access her property, to which she never objected. During this period of time, the witness testified that the access to the rear of 15 Annawon Avenue was never blocked.
As for any permission being granted or implied, it was more than they never objected to her use of their property to gain access to the rear of her property. In fact, in March of 1997, in a conversation with Mr. Kenneth Yurevich, the then owner of 185 Ocean Avenue, the plaintiff, in response to his inquiry as to why she was parking in the right of way, stated that she did not need permission, that she had been parking there since she had moved into her property. Furthermore, the plaintiff, in a conversation with Maureen Tomchik, a defendant, indicated that she had told the premises owner that no one was going to put up a fence. This certainly would indicate her state of mind relating to the adversity of her use of the defendants' property.
Counsel refers in his memorandum to the testimony of Rique Lydem and Claudia Donovan. The court gives little weight to their testimony. Mr. Lydem is the former husband of the plaintiff and Ms. Donovan has testified against the plaintiff on more than one occasion.
As for the issue of implied consent, the testimony of Mr. Squeglia and Mrs. Bonfiglio indicates that there was an implied consent on their part. In fact, both Squeglia's and Bonfiglio's testimony showed an acquiescence as to her use of their property. Mr. Squeglia even asked her to participate in the cost of snow removal since she was making use of the property. CT Page 8578
The Court
 By Curran, J.